IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TAX INDEBTEDNESS OF<br><br>CHARLES E. NASH, JR. | )   Misc. Case No. 3:16-mc-29-JFA<br>)<br>)<br>)<br>) |

**ORDER FOR ENTRY ON PREMISES TO EFFECT LEVY**

The Court has reviewed the Application of Internal Revenue Service to Enter Premises to effect Levy and Declaration in Support Thereof, as well as all other papers filed in connection with this matter. Specifically, the IRS seeks to enter the personal premises owned by Charles E. Nash, Jr., and occupied by Charles E. Nash, Jr., and Elizabeth Nash, located at 304 Chestnut Street, Camden, South Carolina 29020, in order to: seize and inventory personal property, and to conduct a distraint sale of the seized property in satisfaction of unpaid federal tax. The government's application and the supporting Declaration are limited in scope.

Applicable Law

Section 6331(a) of the Internal Revenue Code of 1986 authorizes the IRS Secretary to collect taxes "by levy upon all property and rights to property" belonging to a person who neglects or refuses to pay any tax liability within ten days after notice and demand. 26 U.S.C. § 6331(a) (1988). Section 6331(b) defines "levy" as including "the power of distraint and seizure by any means." *Id.* § 6331(b). "Both real estate and personal property, tangible and intangible, are subject to levy." *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 350, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977).

The procedure "authorizing entry is summary in nature" and made upon the government's *ex parte* application. *Matter of Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1985). This proceeding should not be converted into an "adversary one or prolonged over a period of years while taxes presumptively due and owing remain uncollected." *United States v. Shriver*, 645 F.2d 221, 222 (4th Cir. 1981). The standard is whether "the application and supporting affidavit exhibit probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes." *Campbell* at 1186; *see also United States v. Shriver*, 645 F.2d. 221, 222 (4th Cir. 1981)(warrant requirement is "solely for the protection of the privacy interest of the occupants, generally guaranteed by the Fourth Amendment.") The government must show the following for an entry-seizure warrant, (1) an assessment of tax has been made against the taxpayer; (2) notice and demand have been properly made; (3) the taxpayer has neglected or refused to pay said assessment within ten days after notice and demand; and (4) property, subject to seizure, presently exists at the premises sought to be searched and that said property either belongs to the taxpayer or is property upon which a lien exists for the payment of taxes. *Matter of Coppola*, 810 F. Supp. 429 (E.D.N.Y. 1992)(internal citations omitted) *see also Shriver*, 645 F.2d. at 222 ("Judges are simply to determine whether the application and supporting affidavit showed probable cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid taxes.").

Factual Basis to Support Entry and Findings of Probable Cause

The IRS satisfied the requirements and the Court grants the application.

The government presents sufficient evidence as to all four requirements, based on the IRS Revenue Officer's factual assertions:

(1) The IRS assessed tax, penalty, and interest for six (6) specified periods ending from December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, and December 31, 2013. (Webb Decl. at para. 2, Att. 1);

(2) The IRS sent proper notice and demand on six separate occasions: April 27, 2009, May 7, 2010, March 26, 2012, November 19, 2012, November 18, 2013, and November 17, 2014. (Webb Decl. at para. 2, Att. 1) See also 26 U.S.C. ' 6331(d)(sets forth the notice requirements). Further, the IRS made sent notices of intent to levy, and notice of a right to a hearing, on several occasions: February 6, 2013, September 29, 2014; October 6, 2014; and January 6, 2015. (Webb Decl. at para. 6, Att. 1);

(3) The taxpayer neglected or refused to pay said assessment within ten days after notice and demand. (Webb Decl. at para. 3, Att. 1) Moreover, after receiving the notices of the intent to levy, Mr. Nash did not exercise his appeal rights. (Webb Decl. at para. 6, Att. 1); and

(4) The government demonstrated that there are assets subject to seizure on Mr. Nash's premises to be entered. Revenue Officer Webb's Declaration discusses the property that he has identified to date and his basis for believing that the property is at the residence. (Webb Decl. at para. 8, Att. 1)

There is probable cause to believe that personal property or rights to personal property belonging to Charles E. Nash, Jr. are subject to levy, including seizure and sale, by the United States, pursuant to I.R.C. Sections 6331 and 6335, and that such personal property or rights to personal property are located on or within the premises described; and this Court having jurisdiction pursuant to I.R.C. Section 7402(a). Moreover, the IRS's request is sufficiently specific, limited in scope, and the government is not requesting limitless entry to search the entire residence nor rummage about Mr. Nash's personal effects. *See United States v. Condo*, 782 F.2d 1502 (9th Cir. 1986)(declaration sufficiently specific to provide probable cause); *In re Stubblefield, Inc.,* 810 F. Supp. 277, 279 (E.D. Cal. 1992)(while the IRS may not use an entry warrant to rummage without limit in the taxpayer's premises and papers, the IRS need not specifically identify each and every item it intends to seize.); *see also Shriver*, 645 F.2d at 222-

223 (agents "must be left with a substantial amount of discretion, for, in advance of entry, they cannot determine the condition or the probable value at a forced sale of personal property they will find."); *Moore v. Felger*, 19 F.3d 1054, 1056 (5th Cir. 1994)(discussing *plain view* doctrine in context of IRS entry warrant).

**IT IS ORDERED AS FOLLOWS**

1. That IRS Revenue Officer Richard L. Webb and/or other designated employees of the IRS are hereby authorized to enter the personal premises of Charles E. Nash, for the purposes of: levying, searching, and seizing the personal property Charles E. Nash, Jr., 304 Chestnut Street, Camden, South Carolina 29020, as set forth in the Affidavit or otherwise authorized by I.R.C. § 6331 & 6335.

2. That in making this seizure, the revenue officer(s) shall enter only the personal premises located at owned by Charles E. Nash, Jr., and occupied by Charles E. Nash, Jr., and Elizabeth Nash, located at 304 Chestnut Street, Camden, South Carolina 29020 and only during daylight business hours, and do so within twenty-eight (28) days of the date of this order, or entry thereof.

3. That in making this seizure, the revenue officer(s) shall neither search through nor seize the private papers nor personal effects belonging to the taxpayer.

4. With one exception, the government is not seeking nor is it authorized to enter the personal residence/living quarters. The government is authorized to enter the living quarters/person residence itself for the narrow purpose of obtaining vehicle keys.

5. The IRS requests and the Court authorizes access to those sections of the residence where it expects to find the vehicles, watercraft, trailers, and property of a similar nature. These

areas generally include the driveway, carports, yard, sheds, garages, and/or other like structures.

    6.  That such officer(s) shall make a detailed inventory as to the property seized, leaving a copy thereof at the premises, as well as personally serving a copy on the taxpayer or, if unavailable at the premises, leaving a copy thereof at the above address. The inventory is to provide that name of any Internal Revenue Service representative involved in the seizure, along with an address and telephone number where the representative can be contacted by the taxpayer.

    7.  That such officer(s) shall serve a copy of this Order on the taxpayer by leaving a copy at the premises, as well as personally serving a copy on the taxpayer or, if unavailable at the premises, leaving a copy at the above address.

    8.  That such officer(s) shall return to the Court for further aid and directions if any physical resistance either occurs or is believed likely to occur at the time or point of entry upon or into the premises.

    **IT IS SO ORDERED**.

February 1, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge